## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas Evenstad, | Case No. 20-CV-1119 (ECT/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| John Klavins, Jennifer Schuster-Jaeger, Monica Long, Jan Scott, Corey Hazelton Beth Tietz, Derek Weinke, Ramsey County Community Corrections, and Ramsey County, | |
| Defendants. | |

Plaintiff Thomas Evenstad alleges that the conditions of his intensive supervised release, and an accompanying electronic device agreement, infringe upon his First Amendment rights. (*See* Dkt. 1.) Evenstad did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. (*See* Dkt. 2.) That IFP application must be considered before any other action may be taken in this matter.

Although Evenstad qualifies financially for IFP status, an IFP application will be denied, and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow

dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be liberally construed, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Evenstad alleges that he is currently subject to a term of intensive supervised release imposed in state court, the conditions of which require that he refrain from certain conduct. Specifically, Minn. Stat. § 244.05, subd. 6(c) provides that:

> As a condition of release for an inmate required to register under section 243.166 who is placed on intensive supervised release under this subdivision, the commissioner shall prohibit the inmate from accessing, creating, or maintaining a personal web page, profile, account, password, or user name for: (1) a social networking website, or (2) an instant messaging or chat room program, which permits persons under the age of 18 to become a member or to create or maintain a personal web page. An intensive supervised release agent may modify the prohibition described in this paragraph if doing so does not jeopardize public safety and the modification is specifically described and agreed to in advance by the agent.

Additionally, Evenstad alleges that an Electronic Device Consent Agreement that he was required to sign upon the start of his term of intensive supervised release places substantially identical — and, according to Evenstad, similarly unlawful — restrictions on his use of the electronic media. As relief, Evenstad seeks a declaration that Minn. Stat. § 244.05, subd. 6(c) and the Electronic Device Consent Agreement are unconstitutional on their faces and as applied. He also seeks an injunction to prevent any Minnesota government official or entity from penalizing him for conduct covered by the unconstitutional terms. Finally, he seeks monetary compensation of $500 per day from the date the conditions impacted him (April 27, 2020) to present.

Evenstad's claims, as pleaded, are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), in which the Supreme Court held that

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentenced invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

The core principle of *Heck* — that a §1983 claim cannot proceed if success on the claim would necessarily imply the invalidity of a facially valid conviction or sentence — has become known as the "favorable termination rule." *See Entzi v. Redman*, 485 F.3d 998, 1003 (8th Cir. 2007). Although *Heck* on its face applies only to claims for monetary relief, the Eighth Circuit has made clear that district courts must "disregard the form of relief

3

sought and instead look to the essence of the plaintiff's claims" in determining whether the *Heck* bar applies. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996).

In this action, Evenstad challenges a statutory condition of his intensive supervised release. Evenstad does not allege that his conviction or sentence meets *Heck*'s favorable-termination rule — i.e., Evenstad does not allege that his conviction or sentence has been reversed on direct appeal, expunged, or otherwise invalidated. Accordingly, *Heck* bars Evenstad's claims if success on those claims would necessarily imply the invalidity of his "conviction or sentence." *Heck*, 512 U.S. at 486. Evenstad's claims would do just that. The conditions of release imposed in the complaint were imposed upon Evenstad as part of a facially valid sentence. Evenstad has had available to him several avenues through which to attack his sentence and the conditions of his release — on direct appeal, in state-court postconviction proceedings, in federal habeas corpus proceedings, and so on. Having failed to do so, Evenstad cannot now launch a collateral challenge to his sentence through a lawsuit brought pursuant to § 1983. *See, e.g.*, *Jackson v. Axtell*, No. 18-CV-1073 (ECT/SER), 2018 WL 5840047, at *2-4 (D. Minn. Nov. 8, 2018) (collecting cases).

Evenstad also attacks the legality of an Electronic Device Consent Agreement signed following his release from prison. (*See* Dkt. 1-1, Ex. 1.) Unlike the attack on the legality of the statute itself, Evenstad's claims related to the Electronic Device Consent Agreement are not *necessarily* barred by *Heck*; the Electronic Device Consent Agreement itself was not imposed as part of Evenstad's sentence. But the conditions imposed upon Evenstad are consistent with the requirements of Minn. Stat. § 244.05, subd. 6(b) and

4

subd. 6(c), which *are* an aspect of Evenstad's criminal sentence.[1] Indeed, the terms of the Electronic Device Consent Agreement proceed directly from the obligation of the Commissioner of the Minnesota Department of Corrections to search electronic devices and conduct electronic surveillance of individuals placed on intensive supervised release. *Id*. Evenstad's complaint does not plausibly establish that he can attack the terms of the Electronic Device Consent Agreement without by implication also attacking the statutory conditions of his intensive supervised release. And this attack, as explained above, is barred by *Heck*.

Accordingly, this Court recommends that this action be dismissed without prejudice under *Heck*. Because this matter as pleaded has no likelihood of success on the merits, it is further recommended that Evenstad's motion for appointment of counsel (Dkt. 3) be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] This matter therefore differs from the cases cited in Evenstad's complaint, which concern statutes limiting access to electronic devices or the internet to individuals convicted of sex offenses following the conclusion of (that is, *apart from*) their criminal sentences. The conditions at issue in this matter were imposed, either directly or indirectly, as part of a facially lawful term of intensive supervised release, an aspect of Evenstad's criminal sentence.

2. The application to proceed *in forma pauperis* of plaintiff Thomas Evenstad (Dkt. 2) be **DENIED**.

3. Evenstad's motion for appointment of counsel (Dkt. 3) be **DENIED**.

Dated: July 7, 2020            *s/Elizabeth Cowan Wright*
                               ELIZABETH COWAN WRIGHT
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).